IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMAAR LA'KENDRICK TUKES | § | |
| VS. | § | CIVIL ACTION NO.  1:18-CV-363 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jamaar La'Kendrick Tukes, a prisoner confined at the Stevenson Unit of the Texas Deepartment of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the 1A Judicial District Court of Jasper County, Texas.  Petitioner was charged with aggravated robbery.  On January 31, 2017, petitioner pleaded guilty pursuant to a written plea agreement.  In accordance with the plea agreement, petitioner was sentenced to thirty years of imprisonment for aggravated robbery and two other criminal cases pending against him were dismissed.  Petitioner did not appeal the judgment.

On May 9, 2017, petitioner filed a state application for habeas relief.  Petitioner alleged that his attorney provided ineffective assistance of counsel by failing to notify the State that petitioner was willing to accept their plea offer, which would have resulted in a fifteen-year sentence instead of thirty years.  The trial court made extensive findings of fact, and the Texas Court of Criminal Appeals denied the application on the trial court's findings on December 6, 2017.

<u>The Petition</u>

Petitioner raises three grounds for review in this petition.  First, petitioner contends that his attorney failed to convey his acceptance of the fifteen-year plea offer to the State.  Petitioner also contends his attorney failed to notify him of the time limit for accepting that plea offer.  Finally, petitioner contends the trial court erred by denying petitioner's request for new trial counsel.

<u>Standard of Review</u>

Title 28 U.S.C. § 2254 authorizes the District Court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a). The Court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;[1] or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts.  *Id.*  State court decisions must be given the benefit of the doubt.  *Renico v. Lett*, 559 U.S. 766, 773 (2010).

---

[1]        In making this determination, federal courts may consider only the record before the state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The question for federal review is not whether the state court decision was incorrect, but whether it was unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).   Federal courts look to the "last reasoned opinion" as the state court's "decision." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012).  If a higher state court offered different grounds for its ruling than a lower court, then only the higher court's decision is reviewed.  *Id.* "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 526 U.S. 86, 98 (2011); *see also Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

This Court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e).  The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.").  Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing.  *See Valdez*, 274 F.3d at 951 (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review.").

Analysis

*I.  Procedural Default*

Petitioner contends that his attorney provided ineffective assistance of counsel by failing to advise petitioner of a deadline to accept the State's plea offer.  Petitioner also contends the trial court erred by denying petitioner's request for a new trial attorney.  Respondent argues that these claims are unexhausted and procedurally barred.

Federal habeas review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously denied relief based on a state procedural default.  *Meanes v. Johnson*, 138 F.3d 1007, 1010 (5th Cir. 1998).  Federal review is also barred:

> if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.  In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

*Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

If petitioner were to present the unexhausted claims to the Texas Court of Criminal Appeals, the Court would not consider the merits of the claims.  State law prohibits Texas courts from considering the merits of, or granting relief based on, a subsequent writ application filed after the final disposition of the inmate's first application unless he demonstrates cause or actual innocence. TEX. CODE CRIM. PROC. art. 11.07 § 4; *see Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("[T]he Texas abuse of the writ doctrine prohibits a second habeas petition, absent a showing of cause, if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition.").

4

Where a state prisoner has defaulted his federal claims in state court by failing to follow applicable state procedural rules, the claims may not be reviewed in federal court unless the prisoner demonstrates cause for the default and actual prejudice as a result of the alleged error. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992).  To show cause for the procedural default, the prisoner must establish that some objective factor external to the defense impeded his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996).  If the prisoner fails to show cause for the procedural default, the Court need not consider whether he was prejudiced. *Meanes*, 138 F.3d at 1011.

Petitioner has not shown cause for the procedural default because the unexhausted claims could have been raised in his state habeas application.  Because petitioner failed to show cause for the procedural default, the Court need not consider whether he was prejudiced. *Meanes*, 138 F.3d at 1011.

*II. Ineffective Assistance of Counsel*

In order to establish an ineffective assistance of counsel claim, petitioner must prove counsel's performance was deficient, and the deficient performance prejudiced petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984).  Because petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689.  There is a strong presumption that counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy.  *Id*.  To overcome the presumption that counsel provided reasonably effective assistance, petitioner must prove his attorney's performance

5

was objectively unreasonable in light of the facts of petitioner's case, viewed as of the time of the attorney's conduct. *Id*. at 689-90. A reasonable professional judgment to pursue a certain strategy should not be second-guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, petitioner must also show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must show a substantial likelihood that the result would have been different if counsel performed competently. *Richter*, 131 S. Ct. at 791. In determining whether the petitioner was prejudiced, the Court must consider the totality of the evidence before the fact-finder. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010).

Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Richter*, 131 S. Ct. at 785. The key question on habeas review is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. Even if petitioner has a strong case for granting relief, that does not mean the court was unreasonable in denying relief. *Id*. at 786.

Petitioner contends that his attorney failed to notify the prosecutor that petitioner was willing to accept the States's plea offer. During the state habeas proceedings, the trial court made a number of factual findings related to this claim. State Court Habeas Record, Docket Entry 11-3 at 6-11. The trial court found that the State made a plea offer on June 20, 2016, which included a fifteen-year term

of imprisonment.  The trial court found that counsel immediately conveyed that offer to the petitioner and advised him that the offer would expire on July 29, 2016.  The trial court found that petitioner rejected the offer, and insisted on going to trial unless he received an offer of probation.  After one of his co-defendants was convicted and sentenced to thirty years of imprisonment on January 9, 2017, petitioner advised his attorney that he would accept a plea offer with a fifteen-year sentence. Counsel contacted the prosecutor to find out whether the State would still accept a plea agreement for a fifteen-year sentence, and was advised that the offer was no longer available.  The trial court found that there was no evidence that counsel failed to convey petitioner's acceptance of the fifteen-year plea offer.  The trial court concluded that petitioner had not demonstrated that his attorney provided ineffective assistance of counsel.

Petitioner has not demonstrated by clear and convincing evidence that the state court's factual findings were incorrect.  The state court's determination that counsel provided effective assistance of counsel is not contrary to, and does not involve an unreasonable application of, clearly established federal law.  The decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court.  Because the state court's application of *Strickland* was reasonable, the petition should be denied.

<u>Recommendation</u>

This petition for writ of habeas corpus should be denied.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 8th day of July, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE